## Gwynn *versus* O'Hern and Wife.

1. After evidence had been finished before a jury, it was agreed that the court should take the evidence and after hearing counsel " shall determine all questions of law and fact, the verdict shall then be entered as the verdict of the jury now impannelled, and the court to file an opinion and the evidence in the case." The court filed an opinion, finding the facts and a sum to be paid by defendant. *Held*, to be the reference of the facts and law to the judge as an arbitrator.

2. The provision that the verdict should be entered as that of the jury, made no change in the reference.

3. It was not a trial in due course of law with remedy by exception and writ of error.

4. If there had been a reservation for a writ of error, there could not have been a review in the Supreme Court.

5. Writ of error in this case quashed.

May 14th and 15th 1872. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

[Gwynn *v.* O'Hern.]

Error to the Court of Common Pleas of *Somerset county :* No. 48, to May Term 1872.

This was an action of ejectment for an undivided one-eighth of seven tracts of land, in Somerset county, brought January 11th 1869, by Walter Gwynn, and others, against Michael P. O'Hern and Sarah O'Hern. The action was brought to enforce the payment of the purchase-money of the premises. The only question appeared to be the amount of the purchase-money due.

The case had been heard before arbitrators, and on appeal to the Court of Common Pleas, the trial commenced September 16th 1871, before Hall, P. J., and a jury.

It then appears by the record as follows :—

"Same day the parties by paper filed agree that the court shall take the papers and evidence offered in the case to chambers, and after examination and hearing the counsel, shall determine all questions of law and fact arising in the case; the verdict shall then be entered by the clerk as the verdict of the jury now impannelled, and the court to file an opinion and the evidence in the case; 16th September 1871, points of counsel filed and notes of trial filed; and now, to wit: 29th December 1871, opinion of W. M. Hall, President Judge, filed, directing a verdict to be entered for the plaintiff for the land in dispute, to be released upon the payment, by the defendant, of the sum of $6244.86, with legal interest from the 16th of September 1871, and if the defendant shall fail to pay the same on or before the 16th day of September 1872, the court will then appoint a master to sell the defendant's share or part of said land, to pay the debt, interest and costs of this case, with the costs of such rule, and to pay over the excess, if any, to the defendant; the defendant to have credit on this verdict for the one-eighth of the net proceeds of rents accruing after the 1st of April 1871."

The court in their opinion found the facts in the case, and stated an account between the parties showing the amount due to the plaintiffs, as above stated, and in concluding the opinion said : "So the case presents itself, virtually as a case in equity on bill and answer, yet leaving us without the aid that well drawn equity pleadings would afford. We have discharged the duty imposed upon us as best we might, according to equity as we view it ; and are relieved in the consciousness that if we have erred we have put the case in shape to be fully reviewed by the Supreme Court. And to this end we now seal a bill of exceptions to both plaintiffs and defendant."

Gwynn took out a writ of error. He assigned for error, the refusal of the court to affirm the points submitted by the plaintiffs; the admission of evidence offered by the defendants, and objected to by the plaintiffs, and directing judgment to be entered for too small an amount.

[Gwynn v. O'Hern.]

*J. Hugus, W. H. Koontz* and *Baer & Baer*, for plaintiff in error.

*A. H. Coffroth* and *S. Gaither*, for defendants in error.

The opinion of the court was delivered, May 23d 1872, by

AGNEW, J.—Although there was no judgment in this case in the court below, we listened to the argument at the request of counsel in the hope that an examination of it might enable us to determine the questions discussed.   But there is no mode of reaching them in the state of the record before us.   At the conclusion of the trial of the cause below, the counsel chose to take the case from the jury, by agreeing that the judge should take the papers and evidence given in the case to chambers, and after examination and hearing of the counsel, to determine all questions of law and fact arising in the case.   This was nothing but a reference of the facts as well as the law to the judge as an arbitrator.   The provision that the verdict should be entered by the clerk as that of the jury wrought no change in the reference—the jury was discharged and the finding was still that of the judge and not of the jury.   We do not say it was not binding; but it changed the course of the trial.   It was no longer a trial in due course of law, with the remedy by exception to the charge and a writ of error.   There was no charge to be excepted to and no verdict.   In its place there was merely an opinion of the court upon facts, without even a reservation of the right to except and to sue out a writ of error. And had there been such a reservation it would not have brought the case within any known legal course of procedure, entitling a party to a writ of error and review in this court.   It was neither a case stated nor a special verdict.   In the unreported case of Haviland *v.* Wickersham, from Chester county, decided at Philadelphia two or three years ago, it was agreed to submit the decision of the whole case to the judge, including the damages of the plaintiff, with a right to each party to take a writ of error, as if the case had been proceeded in, in the ordinary course, upon the exceptions taken in the trial, and exceptions to the opinion of the court, as to a charge to the jury.   In that case the plaintiff's evidence was in and a motion for a new trial made.   But on a writ of error this court refused to hear the errors assigned under this agreement.   This case is further out of the course of a legal trial than that, and there being no judgment beside, the writ of error must be quashed.